UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MADY CHAN, et al.,

        Defendants.

CASE NO. CR. 96-350 WBS

ORDER

----oo0oo----

        Defendant Mady Chan suggests that the court's order of February 2, 2006 denying defendants Paul Chan,[1] Mady Chan, Linda Chan, and Huy Chi Luong's[2] motions to suppress wiretap evidence failed to consider the arguments raised by defendant Mady Chan in his Supplemental Points and Authorities in Support of Motion for Suppression of Wiretap Evidence, filed August 1, 2003.  Defendant Mady Chan raised two arguments therein: (1) that the wiretap evidence obtained after the wiretap's objective was met must be

---

[1] Defendants Bao Qin Chen, John That Luong, Danny Hung Luong, Linda Chan, Jeanette Hong, Mady Chan, and Huy Chi Luong joined in Paul Chan's motion.

[2] Defendants John That Luong, Paul Chan, and Jeanette Hong joined in this motion.

1

suppressed, and (2) that the interception of Linda Chan's conversations was illegal because she was not a named co-conspirator.

The court did consider, but rejected, those arguments for the following reasons. First, the objective authorized by the February 21, 1996 wiretap order was for the government to obtain evidence needed to prosecute Mady Chan. Contrary to Mady Chan's arguments, in a large scale conspiracy such as this one, it is far from clear that evidence to support his prosecution could not be obtained after his arrest.

Second, the government's continued recording of conversations on phone line (916)685-4360 after Mady Chan's arrest and wiretapping of Linda Chan's conversations on this line were not clearly erroneous because the court's orders authorizing wiretapping on that phone line were not limited to the interception of conversations among the co-conspirators, but instead authorized the interception of conversations on that particular phone line. Title III of the Omnibus Crime Control and Safe Streets Act of 1968 contemplates that communications not explicitly authorized may be intercepted during a wiretapping investigation. Title III merely requires that wiretapping "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception." 18 U.S.C. § 2518(5). As previously discussed in this court's order, the Supreme Court has held that minimization of intrusion by wiretap under § 2518(5) may be more difficult, and more extensive surveillance may therefore be authorized, when a wiretap is directed at what may be a large scale conspiracy, as is the case

2

here.  (Feb. 3, 2006 Order 7 (citing Scott v. United States, 436 U.S. 128, 140-41 (1978)).)[3]  Therefore, the fact that Linda Chan's conversations on this phone line were intercepted, even though she was not a named interceptee of the wiretap affadavit, is insufficient to establish that the wiretapping evidence should be suppressed.

It was not necessary for the court's order to expressly mention each argument, and each nuance of every argument, raised in support of the motion.  Simply because the court did not expressly mention these arguments in its order of February 2, 2006, does not mean that the court did not consider them.  Because the court previously rejected these arguments, and because the court's previous court orders authorizing wiretaps were not clearly erroneous, defendant Mady Chan's motion for reconsideration is DENIED.

DATED: March 14, 2006

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3]  Cf. United States v. Edwards, 303 F.3d 606, 621 (5th Cir. 2002) (concluding that only named interceptees or co-conspirators' conversations could be intercepted by a wiretap when the authorization specifically restricted interception to named interceptees or co-conspirators).

3