BENJAMIN B. WAGNER
United States Attorney
WILLIAM S. WONG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>MADY CHAN,<br><br>                Defendant. | CASE NO. 2:96-CR-350-05 WBS<br><br>GOVERNMENT'S FOURTH MOTION AND [~~PROPOSED~~] ORDER FOR EXTENSION OF TIME TO RESPOND TO THE DEFENDANT'S § 2255 PETITION |

The United States of America, through its attorneys of record, Benjamin B. Wagner, United States Attorney, and William S. Wong, Assistant U.S. Attorney, hereby submits this fourth request for an extension of time to file the Government's opposition.

   For the reasons set forth in Assistant U.S. Attorney William S. Wong's attached Declaration, the government requests a 7 day extension of time to file its opposition to December 18, 2015.

   Defendant Chan waived appeal and he did not file an appeal, therefore, his conviction sentence is final and he is now serving his 88 month sentence, concurrent to his NDCA sentence of 53 years which is also final. The granting of the government's extension will not serve to prejudice the defendant as he is serving a 53 year term of imprisonment.

Dated: December 11, 2015                    BENJAMIN B. WAGNER
                                            United States Attorney


                                       By:  /s/ WILLIAM S. WONG
                                            WILLIAM S. WONG
                                            Assistant United States Attorney

# DECLARATION OF WILLIAM S. WONG

I, William S. Wong, hereby declare as follows:

1. I am an Assistant U.S. Attorney for the Eastern District of California and am the counsel assigned to prosecute the case of <u>United States v. Mady Chan,</u> 2:96-cr-350 WBS.

2. Defendant Chan was convicted by plea to numerous money/laundering counts. The Honorable William B. Shubb sentenced the defendant to a term of imprisonment of 88 months in custody, concurrent to defendant's NDCA sentence of 53 years. The defendant appealed his NDCA convictions and sentence to the Ninth Circuit which affirmed his convictions and sentence.

3. In his § 2255 petition, the defendant claims that his counsel improperly advised of his right to a speedy trial. The defendant further argues that he would not have accepted the plea agreement had he known about the speedy trial issue.

4. The issues in this case is whether the defendant received effective representation of counsel regarding his right to a speedy trial and whether the defendant knowingly and voluntarily waived his right to a speedy trial in order to obtain the benefit of dismissal of the charges in the indictment against his parents, former wife, and for himself, by entering into a plea agreement in which he waived or gave up his right to a speedy trial. To adequately present the Government's case on these issues, I telephoned the defendant's counsel, Timothy Warriner, on numerous occasions and was finally notified by someone on his staff that he is on vacation in Alaska and cannot be reached. A few weeks ago, I was able to reach Mr. Warriner upon his return from his Alaskan trip. He advises that he is willing to speak to me only after the court issues an order permitting him to divulge attorney-client communications directly relating to the subject matter in which the defendant has raised in his petition. This court has issued that order. In order to properly respond to defendant's petition, the government would need to interview defendant's counsel and to have him available to sign a declaration and/or testify at a hearing if required by the court.

5. FBI Special Agent Steven Dupre and I met with defendant Mady Chan's former attorney, Timothy Warriner, on Monday, December 7, 2015, for the purpose of interviewing him regarding the

defendant's claim of ineffective representation of counsel relating to the defendant's decision to enter into the plea agreement with the government and his decision to forego his right to file a motion to dismiss the indictment based on speedy trial claims. During this meeting, Mr. Warriner provided relevant and important information relating to the defendant's claim of ineffective representation of counsel. Mr. Warriner wanted a few days to prepare a declaration that can be file with the Government's opposition. He requested additional time to review this case file and search his memory as to all relevant information pertinent to this subject matter. Also, Special Agent Dupre needed time to have a declaration prepared relating to his percipient knowledge on the meetings that he attended in which settlement negotiations were discussed and the defendant's statements relevant to the issue presented in the section 2255 petition that he recalled that were made by the defendant at these meetings.

      6.  Additionally, I will need time to obtain this closed file, review case materials, research the law, and write the Government's Opposition.

      7.  The defendant is currently serving his 88 month sentence, concurrent to his NDCA sentence of 53 years and will not by prejudice by the government's request for an extension to December 18, 2015.  The government has received three prior extensions of time to file its opposition to the defendant's § 2255 petition.

      This I say under the penalty of perjury, and to the best of my knowledge.

Executed this 11th day of December, 2015, in Sacramento, California.

                        /s/ William S. Wong
                        WILLIAM S. WONG
                        Assistant United States Attorney

O R D E R

Having found good cause, the Government's Opposition is now due on December 18, 2015.

Defendant shall file a reply, if any, no later than January 19, 2016.

IT IS SO ORDERED

Dated: December 11, 2015

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE