UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>MADY CHAN,<br><br>　　　　Defendant/Petitioner. | CR. NO. 2:96-350-05 WBS<br>　　　2:15-cv-01367-WBS<br><br>MEMORANDUM AND ORDER RE:<br>DEFENDANT'S MOTION TO VACATE,<br>SET ASIDE, OR CORRECT SENTENCE<br>PURSUANT TO 18 U.S.C § 2255 |

----oo0oo----

　　　　Petitioner Mady Chan moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that his guilty plea was entered unknowingly and involuntarily as a result of ineffective assistance of counsel. (Docket No. 932.) Petitioner also requests an evidentiary hearing and appointment of counsel to represent him. (Id.) The government opposes. (Docket No. 995.)

1

I.   Factual & Procedural History

On August 2, 1996, petitioner Mady Chan and numerous codefendants were charged with various money-laundering violations in a sixty-seven count Indictment.  (Indictment (Docket No. 1).)  On July 16, 1998, the government filed a 130 count Superseding Indictment against petitioner.  (Superseding Indictment (Docket No. 98).)  Timothy E. Warriner was initially appointed as petitioner's advisory counsel and later, at petitioner's request, as counsel of record.  (Gov't Opp'n Ex. 8, Warriner Decl. at 1 (Docket No. 995-8).)

On January 28, 2014, this court issued an Order to Show Cause why the case should not be dismissed as against the remaining defendants for lack of prosecution.  (Docket No. 858.)  This court observed that it had been seventeen years since the Indictment was filed in the matter and, so far as the court could determine, no effort had been made to bring the matter to trial and there had not been any finding of excludable time under the Speedy Trial Act.  (Id.)

On February 11, 2014, petitioner mailed to the government a motion to dismiss based on Speedy Trial violations that he planned to file pro se.  (Pet'r's Mem. at 3 (Docket No. 932); Warriner Decl. at 2.)  Petitioner withdrew this motion before it was docketed upon consulting with his attorney and receiving a draft plea agreement from the government.  (Warriner Decl. ¶ 7.)

On February 24, 2014, petitioner entered pleas of guilty to counts 15, 19, 31, 32, 37, 39, 122, and 123 of the Superseding Indictment pursuant to Federal Rule of Criminal

2

1  Procedure 11(c)(1)(C).  (Gov't Opp'n Ex. 5, Plea Agreement.)  The
2  plea was a "package offer" in which the government agreed to
3  dismiss the charges against petitioner's wife, Linda Chan,
4  mother, Lizhen Chen, father, Bao Qin Chen, and relative, Jimmy
5  Leung, with prejudice.  (Id. at 3.)  Petitioner agreed to forfeit
6  a house and other assets obtained with illicit funds but,
7  according to Warriner, petitioner arranged for "a resolution of
8  the forfeiture that would leave a home for his father."  (Id. at
9  3-4; Warriner Decl. ¶ 4.)  The government also dismissed the
10 remaining charges against petitioner.  (Id. at 4.)  On July 21,
11 2014, petitioner was sentenced to 88 months to be served
12 concurrently with his Northern District of California sentence of
13 640 months.  (Id. Ex. 7 at 5.)
14         On February 27, 2015, codefendants Paul Minh Chan, Lisa
15 Le Chan, John That Luong, and Ping Sherry Chan filed a motion to
16 dismiss the Superseding Indictment for Speedy Trial violations.
17 (Docket No. 914.)  This court granted defendants' motion and
18 dismissed the Superseding Indictment with prejudice.  (Docket No.
19 918.)
20 II.  Waiver
21         In his plea agreement, petitioner waived his right to
22 file a motion based on statutory due process speedy trial claims
23 and his right to file a motion under 28 U.S.C. § 2255 or § 2241
24 collaterally attacking his conviction or sentence.  (Gov't Opp'n
25 Ex. 5, Plea Agreement at 9.)  This court conducted a full Rule 11
26 colloquy with defendant during his change of plea hearing on
27 February 24, 2014, and plaintiff acknowledged that he understood
28 he was waiving his right to collaterally attack his conviction or

3

sentence.  (Gov't Opp'n Ex. 6, Tr. of Change of Plea at 13 (Docket No. 995-6).)  All of that colloquy went for naught, however, because this court nevertheless has jurisdiction over a § 2255 petition which raises an ineffective assistance of counsel claim that challenges the validity and voluntariness of the plea agreement itself.  See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) ("[A] plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver.").

III. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must show "(1) that counsel's performance was so deficient that it fell below an 'objective standard of reasonableness' and (2) that the deficient performance rendered the results of [the] trial unreliable or fundamentally unfair."  Cox v. Ayers, 588 F.3d 1038, 1046 (9th Cir. 2009) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)).  The Supreme Court has recognized that a claim for ineffective assistance of counsel "must satisfy both prongs of [this] test in order to prevail."  Smith v. Robbins, 528 U.S. 259, 289 (2000).

Counsel's performance is so deficient that it falls below an objective standard of reasonableness when the behavior complained of fails to meet "prevailing professional norms."  United States v. McMullen, 98 F.3d 1155, 1158 (9th Cir. 1996).  However, judicial scrutiny of counsel's performance is deferential and the "burden is on petitioner to identify the acts or omissions of counsel that are alleged not to have been the

result of reasonable professional judgment." Cox, 588 F.3d at 1046. "The court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 691.

To demonstrate prejudice, the movant must show that there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. In the context of a plea agreement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner argues that counsel's performance fell below the "objective standard of reasonableness" because counsel knew there was a Speedy Trial violation but failed to file a motion to dismiss the Superseding Indictment on this ground. (Pet'r's Mem. at 10.) Further, counsel allegedly advised petitioner to withdraw the motion to dismiss that petitioner had begun to file pro se and to instead accept the plea agreement. (Id. at 3.) Petitioner argues that his counsel believed the issues raised in the motion to dismiss were without merit and this was proven to be inaccurate given this court's subsequent decision to grant defendants Paul Minh Chan, Lisa Le Chan, John That Luong, and Ping Sherry Chan's motion to dismiss. (Id. at 3 n.2.) Petitioner contends that had he been properly advised about the

5

1  likelihood of success on a motion to dismiss based on Speedy
2  Trial violations, he would not have pleaded guilty and would have
3  insisted on filing the motion and, if necessary, proceeding to
4  trial.  (Id. at 4.)  Petitioner pled guilty, he alleges, because
5  of his attorney's failure to properly advise him on the strong
6  merits of a Speedy Trial violation claim.
7           Contrary to petitioner's portrayal, the government and
8  petitioner's former counsel, Warriner, contend that petitioner
9  was properly advised about the merits of the Speedy Trial claim
10 and knowingly and voluntarily chose to plead guilty in order to
11 protect his family.  (Gov't Opp'n at 20; Id. Ex. 9, Special Agent
12 Dupre Decl. ¶ 5 (Docket No. 995-9); Warriner Decl. ¶¶ 3-4.)
13 Warriner testified that from the time he was appointed as
14 counsel, petitioner wanted to reach a plea agreement with the
15 government in order to ensure the charges against his family
16 members were dismissed and the forfeiture would leave a home for
17 his father.  (Warriner Decl. ¶ 4.)  Warriner not only advised
18 petitioner that if he accepted the plea bargain he would not be
19 able to make a Speedy Trial motion but also that, in his opinion,
20 the Speedy Trial motion had merit.  (Id. ¶¶ 4, 8.)
21          The lead prosecutor on this case, Assistant United
22 States Attorney William Wong, similarly stated that petitioner's
23 concern for his family was "the motivating factor in his desire
24 to resolve the money-laundering case against him."  (Gov't Opp'n
25 Ex. 10, Wong Decl. ¶ 12 (Docket No. 995-10).)  Petitioner told
26 Wong he was a "dead man walking" because "he basically received a
27 life sentence for the RICO indictment" in the Northern District.
28 (Id.)  Given the futility of his situation, he wanted to resolve

6

1  the money-laundering case in a manner that would guarantee the
2  protection of his parents and children.  (Id.)  He was especially
3  concerned about his wife being convicted and his children having
4  to navigate adolescence without either parent at home.  (Id. ¶
5  11; see also Dupre Decl. ¶ 5.)  Wong explained that "[e]ven after
6  discussing the issue of speedy trial, Chan continued to express
7  his desire to resolve the case in order to provide certainty that
8  the charges would be dismissed against his parents and wife."
9  (Id. ¶ 14.)  The government argues that the fact that petitioner
10 filed a motion to dismiss based on Speedy Trial violations pro se
11 supports the testimony of Warriner and Wong that petitioner
12 clearly understood the merits of the Speedy Trial claim but
13 knowingly chose to plead guilty because this was certain to
14 protect his family.  (Gov't Opp'n at 20.)

15            The court finds that defendant knowingly and
16 voluntarily entered into a plea agreement and was properly
17 advised by his counsel.  While petitioner and his family members
18 all had a strong chance of prevailing on a motion to dismiss for
19 Speedy Trial violations, there was nevertheless a risk that the
20 court would deny the motion and petitioner would lose the ability
21 to protect his family members.  Defendant knowingly and
22 voluntarily chose not to take that risk.  He had already been
23 given a very lengthy sentence in the Northern District and had
24 nothing to lose by pleading guilty to additional money-laundering
25 charges with a concurrent sentence.  Without having to spend any
26 additional time incarcerated, defendant was able to guarantee the
27 protection of his wife and elderly parents by pleading guilty.
28            In his § 2255 petition, petitioner fails entirely to

7

mention that the plea agreement was a "package deal" that protected his family members.  In his reply, however, he responds that his family did not motivate him to plead guilty because his family members' charges would also have been dismissed for Speedy Trial violations if he had been properly advised by counsel and rejected the plea agreement.  (Pet'r's Reply at 6 n.1 (Docket No. 1001).)  Notwithstanding what petitioner now says, he had no way of knowing this with certainty when he entered into the plea agreement.  The court is therefore not persuaded by his argument that it defies "logic and common sense" that he entered into a plea agreement in order to protect his family.  (Id.)[1]

        Petitioner has failed to establish that counsel's performance fell below an objective standard of reasonableness.  In assisting his client in the negotiation of a plea agreement rather than moving to dismiss, Warriner honored his client's desire to secure a resolution that would protect petitioner's family.  Accordingly, the court must deny petitioner's claim of ineffective assistance of counsel.

II. <u>Appointment of Counsel & Request for an Evidentiary Hearing</u>

        Petitioner requests an evidentiary hearing to determine the factual allegations in support of his motion and that the court appoint counsel to represent him in these proceedings.  (Pet'r's Mem. at 14.)

        Under § 2255, the court must grant a hearing "[u]nless

---

[1] Petitioner also argues that there was a "danger of coercion" from third-party threats and promises because he pled guilty in order to obtain the dismissal of charges against third-party relatives. (Pet'r's Reply at 3.) However, petitioner does not allege any facts to support the suggestion of coercion or threats. Accordingly, the court finds this argument meritless.

the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court may therefore deny a hearing if, "viewing the petition against the record, its allegations do not state a claim for relief or are so palpably incredible or so patently frivolous or false as to warrant summary dismissal." Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982). There is no need for further discovery or an evidentiary hearing on any of petitioner's claims. None of petitioner's claims suggest counsel failed to meet "prevailing professional norms" during plea negotiations. Strickland, 466 U.S. at 649. Given that the court will not hold an evidentiary hearing, the "the interests of justice" do not require the appointment of counsel. 18 U.S.C. § 3006(A)(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided."); see also United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990) ("Prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions.").

IT IS THEREFORE ORDERED that petitioner's motion to vacate, set aside, or correct his sentence be, and the same hereby is, DENIED;

IT IS FURTHER ORDERED that petitioner's motion for an evidentiary hearing and appointment of counsel be, and the same hereby are, DENIED.

Dated: February 10, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9